**In the MATTER OF Max L. McCAUSLAND**

No. 49S00-8904-DI-295.

Supreme Court of Indiana.

Jan. 7, 1993.

Maxine T. Bennett, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com.

## DISCIPLINARY ACTION

PER CURIAM.

■ This case is before us an a six count complaint for disciplinary action charging the Respondent with violations of the *Rules of Professional Conduct for Attorneys at Law.* The case was heard before a Hearing Officer appointed pursuant to Admission and Discipline Rule 23, Section 11(b), who has tendered her "Findings of Fact and Conclusion" to this Court. Neither party has challenged the tendered report, and the case is now before us for final determination. When, as in this case, the Hearing Officer's findings are unchallenged, this Court accepts the same with the understanding that the ultimate determination rests with this Court.

■ Accordingly, we find that the Respondent, Max L. McCausland, is an attorney admitted to the Bar of this state and is subject to this Court's disciplinary jurisdiction. Under Count I, we find that, on August 21, 1985, Respondent was retained by clients to pursue a property damage action against Rieth–Riley Construction Company and William Strange. The Respondent entered into an employment contract with the clients and received $250 as retainer fee. The contract stated that Respondent was to represent the clients "in recovery of property damages" and "defending them in any cross-complaint action."

In late 1985 and early 1986, Respondent corresponded with the Hancock County

Commissioners concerning this claim and, on March 24, 1986, sent a letter to the clients indicating his intent to file a complaint. He took no further action on behalf of his clients. During the employment relationship, the clients attempted to contact Respondent numerous times but met with no success or with excuses for his lack of action. Pursuant to their request, he returned their file on March 11, 1988.

By failing to keep his clients reasonably informed about the status of their case and failing to promptly comply with their reasonable requests for information, the Respondent violated Prof.Cond.R. 1.4(a). By failing to diligently and promptly pursue their claim, Respondent also violated Prof. Cond.R. 1.3.

■ Under Count II, we find that Respondent entered into an employment agreement with Joseph Regich on December 9, 1985. The Respondent undertook to represent Regich in two claims for damages suffered by Regich as a result of two auto accidents which had occurred in March and August of 1985. Regich claimed that he had been injured in both accidents but had not sought any medical treatment for the first accident nor had he missed any work as a result of that accident.

Regich stopped by Respondent's office on a regular basis and provided the documentation of medical bills and property damage as requested by Respondent. Respondent had problems with a secretary and was not aware of the fact that Regich had provided certain documentation. Respondent failed to file a cause of action for the first accident within the time allowed by the statute of limitations. At some point between March 4, 1987, and August 28, 1987, Respondent offered to represent Regich at no charge in the claim arising out of the second accident and accepted partial responsibility for failing to file the first claim. Respondent believed that Regich had no actionable claim for damages from the first accident, but he did not advise Regich of this, so that from October 1985 until March 1987, Regich relied on Respondent to protect his interests and to file suit.

When Regich requested return of his file, the Respondent failed to promptly return it. After three to four weeks, Regich went to Respondent's office to retrieve it but was unable to retrieve the portions of the file to which he was entitled.

These findings establish clearly that Respondent failed to act with reasonable diligence and promptness in representing Regich in violation of Prof.Cond.R. 1.3. Respondent failed to keep Regich reasonably informed and failed to advise him adequately in order to permit him to make an informed decision regarding the representation, in violation of Prof.Cond.R. 1.4.

■ Relative to Count III, we find that on August 24, 1987, Peggy Land asked Respondent to investigate an automobile accident in which her husband had been killed and to "settle the matter." Land called the Respondent once a week for a time following the accident. In the fall of 1987, she was hospitalized for approximately one month, and after her release, she again contacted Respondent on a regular basis.

Respondent sent her two letters, but otherwise failed to maintain contact with her regarding her case. In January, 1988, he conveyed to her a settlement offer of $4,500, which she refused. In June, 1988, some nine months after he had been retained, Respondent made contact with a person who had been with the deceased on the date of the accident. After approximately one year without any resolution of the case, the client contacted another attorney and asked Respondent to return her file; he refused to do so. The other attorney was equally unsuccessful in obtaining the portions of the file to which the client was entitled. The Respondent spoke to him in an angry tone and hung up on him. After the client filed her complaint with the Disciplinary Commission, she allowed Respondent to settle her case for $6,000, of which she received $4,000, and the Respondent received $2,000. The client was not disappointed with the recovery, only the length of time Respondent took to settle

**188**

the case. By way of mitigation, the Hearing Officer found that the Respondent withheld certain information from the client due to his concern for her emotional health.

We conclude under Count III that Respondent failed to act with reasonable diligence and promptness in violation of Prof. Cond.R. 1.3; that he failed to keep his client reasonably informed about the status of her case and failed to explain to her facts reasonably necessary to permit her to make an informed decision regarding the representation, in violation of Prof.Cond.R. 1.4; that he continued to represent Land after she had attempted to discharge him, in violation of Prof.Cond.R. 1.16(a); and that he violated Prof.Cond.R. 1.16(d) by refusing to return her file as requested.

The allegations found under Counts IV and V stem from Respondent's representation of Tracy Umbenhower in a child support action against Donald Perry. The Respondent entered into an employment contract pursuant to which he received $100 as a retainer fee. The contract also stated that Respondent would seek payment of his fees from Perry, but that Umbenhower would be responsible for any unpaid balance and that she agreed to pay Respondent at the rate of $120 per hour. The Respondent obtained the legal results his client requested and billed Umbenhower for his services. She made two $10 payments toward her bill in December, 1988, and an additional $60 by February, 1989. Her stepfather paid $600 on her account on December 15, 1988. She has paid nothing else toward her account. The Hearing Officer found that the allegations of inappropriate comments, which are part of the charges lodged against the Respondent, did not surface until Respondent sought payment for his services. Respondent withdrew from case as requested.

In light of these findings, we concur with the Hearing Officer's conclusion that the Commission failed to prove the allegations of misconduct charged under Counts IV

and V. Count VI was dismissed by the Commission.

Having found that the Respondent engaged in professional misconduct, we must assess an appropriate sanction. Considered individually, each of Respondent's acts of misconduct may appear to be negligent oversight. The repetitive nature of such misconduct, however, indicates a serious pattern of callous neglect of client's interests, failure to communicate, and a vindictive refusal to return requested files. We also take judicial notice of the fact that Respondent has engaged in misconduct on a prior occasion for which he was reprimanded and admonished.[1] In light of these considerations and the foregoing findings, we conclude that a period of suspension is warranted under the circumstances of this case. It is, therefore, ordered that the Respondent, Max L. McCausland, is suspended from the practice of law for a period of twelve (12) months, beginning on February 5, 1993.

Costs of this proceeding are assessed against the Respondent.

---

1. *In the Matter of Max L. McCausland,* Case Number 581 S 148, "Order Approving Conditional Agreement and Imposing a Private Reprimand," (Indiana Supreme Court, November 16, 1981).